CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV 10 2014
JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAWRENCE T. TAYLOR,<br>    Plaintiff, | ) ) ) | Civil Action No. 7:14-cv-00558 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| JPAY, INC.,<br>    Defendant. | ) ) | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Lawrence T. Taylor, a Virginia inmate proceeding pro se, filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983, naming JPay, Inc. as the sole defendant. This matter is before me for screening, pursuant to 42 U.S.C. § 1997e(c)(1). After reviewing Plaintiff's submissions, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff alleges that JPay sells audio-book and music MP3s to inmates within Virginia Department of Corrections ("VDOC") facilities via a kiosk. Although Plaintiff has a written Bible, he wants to buy an audio-book MP3 of the Bible to listen to and speak along with while reading the Bible. Plaintiff cannot order CDs of the entire Bible because of restrictions on the number of CDs a VDOC inmate may possess, and although parts of the Bible are available to download as MP3s, a single MP3 with the entire Bible is not available to purchase from the kiosk. Plaintiff complains that the numerous Bible MP3s are too costly and that Islamic audio books are also available from the kiosk. Plaintiff further alleges that officials at his correctional facility, and not JPay, are responsible for the kiosk's content "and just about everything else."

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an

indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).[1]

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to state how JPay violated a federal right when he asserts that JPay is not responsible for the content available to purchase from the kiosk. Furthermore, he fails to describe the deprivation of any federal right since he has access to a written Bible to practice his religion, and he does not describe any purposeful discrimination. Moreover, Plaintiff has no federal right to buy an MP3 at or near the seller's cost. See, e.g., French v. Butterworth, 614

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

F.2d 23, 25 (1st Cir. 1980) ("[T]here is simply no legal basis for a demand that inmates be offered items for purchase at or near cost."). Accordingly, the Complaint is dismissed for failing to state a claim upon which relief may be granted.

**ENTER**: This 6th day of November, 2014.

*[Signature]*
Senior United States District Judge